UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALVIN CAMPBELL, )
        Plaintiff, )
         )
       v. )
         ) C.A. No. 11-10048-GAO
         )
RONALD T. DUVAL, ET AL., )
        Defendants. )

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

    For the reasons set forth below: (1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice to renew in 21 days provided Plaintiff submit his certified prison account statement in accordance with 28 U.S.C. § 1915; (2) Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is <u>DENIED</u> without prejudice to renew after a responsive pleading has been filed by a Defendant; (3) within 42 days of the date of this Memorandum and Order, Plaintiff shall demonstrate good cause why his claims against all Defendants except for Lt. Jeffrey Grimes (*i.e.*, his claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette) should not be dismissed, or he shall file an Amended Complaint curing the pleading deficiencies; and (4) no summonses shall issue pending resolution of the filing fee issues and upon further Order of this Court.

## BACKGROUND

    On January 3, 2011, Plaintiff Alvin Campbell ("Campbell"), a prisoner at MCI Cedar Junction in South Walpole, Massachusetts, filed a self-prepared civil rights Complaint under 42 U.S.C. § 1983 alleging that various prison staff and prison officials were deliberately indifferent to his serious medical needs on December 2, 2008 when they permitted him to be fed peanut

products, to which he is allergic. The nine named Defendants are: (1) Ronald T. Duval, Acting Commissioner of Correction; (2) Lt. Jeffrey Grimes; (3) Peter St. Amand, Former Superintendent of MCI Cedar Junction; (4) John Jones, Deputy Superintendent; (5) Allison Hallett, Deputy Superintendent; (6) Christopher Fallon, Caption of the DDU; (7) Correctional Officer Carrol; (8) Correctional Officer Arsenault; and (9) Dale Bissonnette, Director of the DDU.

Specifically, Campbell alleges that while housed in the Disciplinary Unit he was fed "finger food" that contained peanut products in it. He asserts that he explained to Lt. Jeffrey Grimes that he could not eat the finger food because of his peanut allergy, but Lt. Grimes said he did not care and "[Campbell] will eat whatever he serves him to eat." Compl. at ¶ 13. He also contends that his medical documentation reflects his peanut allergy and that the Defendants knew of this allergy.[1] As a result of being fed food containing peanut products, Campbell suffered an allergic reaction that caused him to be taken to an outside hospital for treatment, and then placed in the hospital ward at MCI Cedar Junction for three days.

Campbell claims that he properly grieved this matter, but he was told that his right to file grievances had been suspended. He then sent a letter to the Commissioner, and filed another grievance once this privilege was reinstated.[2] Campbell seeks compensatory and punitive

---

[1] In an exhibit attached to the Complaint (an institutional grievance form), Campbell alleges that he has made various prison personnel, including food services and medical staff aware of his food allergy, and he had a sign on his cell door stating: "No Peanuts." He claims he was given peanut butter on his food tray but Defendant Lt. Grimes would not substitute it after Campbell advised him of his food allergy. See Exhibit E (Docket No. 1-6).

[2] It is unclear whether Campbell completely exhausted his administrative remedies with respect to his claims against each Defendant.

damages against each of the Defendants for his pain and suffering.

Accompanying Campbell's Complaint was a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) and a Motion for Appointment of Counsel (Docket No. 4).

DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Although Campbell submitted a financial affidavit to support his request to proceed *in forma pauperis*, he failed to submit a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[3]

Accordingly, Campbell's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice. If Campbell elects to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) pay the $350.00 filing fee; or (2) file a renewed motion for leave to proceed *in forma pauperis* <u>accompanied by his certified prison account statement</u>. Failure to comply with this directive may result in a dismissal of this action

---

[3]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, see <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

without prejudice.

To facilitate matters, the Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at MCI Cedar Junction with the request that it provide Campbell with his certified prison account for the six-month period preceding January 3, 2011, and that the statement reflect Campbell's average monthly balance and average monthly deposits for that six-month period.

II.     The Complaint is Subject to Screening

Because Campbell is not proceeding *in forma pauperis* at this time, his Complaint is not subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2);[4] however, his Complaint nevertheless is subject to the provisions of the Prison Litigation Reform Act, see Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), which grants this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915A of Title 28 authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant

---

[4]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

4

immune from such relief. 28 U.S.C. § 1915A.

Here, Campbell's claims against all the Defendants except for Lt. Grimes are subject to dismissal for the reasons set forth below.

III.     Failure to Plead Plausible Federal Claims Against All Defendants Except For Lt. Grimes

Campbell's Complaint is defective under the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because he asserts his § 1983 claims collectively against all named Defendants, and does not parcel out plausible claims upon which relief may be granted against each of those Defendants.[5] Rather, the only plausible claim set forth in the Complaint is the one against Defendant Lt. Grimes based on allegations of deliberate indifference to a serious medical need. While Campbell contends that all Defendants knew of his peanut allergy, he presents no underlying facts to support the conclusory allegation that any of the named Defendants -- apart from Lt. Grimes – participated in the incident on December 2, 2008 in which he was fed food products containing peanuts. Moreover, he fails to set forth any underlying facts that would support his conclusory allegation that the named Defendants (apart

---

[5]Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

5

from Lt. Grimes) acted with deliberate indifference in violation of his constitutional rights (as opposed to negligence, for example) in connection with his being fed peanut products. In other words, Campbell presents no facts to set forth a claim that any of the Defendants knew that Lt. Grimes was serving him food products containing peanuts, and that Lt. Grimes would deny his request to substitute other food products instead once the matter was called to his attention.

Further, Campbell presents no facts to support a claim that the Defendants (again, apart from Lt. Grimes) had any direct involvement in the service of food to him. He does, in connection with the "identification" of the Defendants, allege that Correctional Officers Carrol and Arsenault worked in the DDU and served him the food; however, in his recitation of the facts in support of his claims, he makes no mention of their involvement in the December 2, 2008 incident in which food containing peanut products was allegedly served to him by Lt. Grimes. He also makes no mention of any other occasion(s) in which food containing peanut products was served to him. In light of all of this, the Court cannot find that Campbell has set forth a *bona fide* basis for a deliberate indifference claim against them under § 1983 against any Defendant apart from Lt. Grimes.

As the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (May 18, 2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555). Here, all that is presented is a mere allegation that the Defendants have harmed him. The Court considers that, as pled, it would be immensely unfair to permit the claims to proceed and to require the Defendants to speculate as to the underlying basis for the

deliberate indifference claims asserted against them.

In short, by pleading in the manner he has -- collectively asserting his claims against the Defendants -- Campbell has failed to meet the pleading requirements for proceeding in this Court with respect to his deliberate indifference claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette.[6] Accordingly, these claims are subject to dismissal pursuant to 28 U.S.C. § 1915A.

IV. Lack of *Respondeat Superior* Liability; No Plausible Failure to Intervene Claims Pled

In addition to the Rule 8 deficiencies noted above, Campbell's claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette appear to be based not on any direct participation by them in the service of food containing peanut products, but rather on the theory that these Defendants are liable because of their supervisory or official roles. For instance, Campbell includes as a Defendant Acting Commissioner of the Massachusetts Department of Correction Ronald T. Duval, claiming that his predecessor, Harold W. Clarke,

---

[6]See Bagheri v. Galligan, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (unpublished decision, finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards."); Columbus v. Biggio, 76 F. Supp. 2d, 43, 52 (D. Mass. 1999) ("Although pleading standards are minimal, the First Circuit requires 'more than conclusions or subjective characterizations.'") quoting Dewey v. University of New Hampshire, 694 F. 2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944 (1983). See also Atuahene v. City of Hartford, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2d Cir. 2001) (unpublished decision, stating "by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....").

was the Commissioner at the time of the incident. There are no allegations against Commissioner Duval for any actions taken by him. His inclusion in this action is based solely on the fact that Harold Clarke is no longer in office. Additionally, Campbell includes Defendant Dale Bissonnette, the Director of the DDU as a Defendant, but does not identify her as a Defendant in the "Parties" portion of his Complaint, and makes no mention of any actions taken by her with respect to the December 2, 2008 incident. Further, Campbell names the former Superintendent, two Deputy Superintendents, and the Caption of the DDU as parties, but fails to set forth any facts to support any direct participation by them in the December 2, 2008 incident.

In any event, Campbell's claims based on a theory of vicarious liability of the prison supervisors and officials for the actions of subordinate employees are not cognizable under 42 U.S.C. § 1983, as there is no *respondeat superior* liability for the actions or inactions of prison employees. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

The fact that Campbell may have written to former Commissioner Clarke (not a party to this action), or the fact that the other Defendants generally were aware of his peanut allergy, is insufficient, standing alone, to set forth any claims based on a theory of the failure to intervene with respect to the service of food on December 2, 2008. There is no <u>factual</u> basis set forth by Campbell to state a plausible claim upon which relief may be granted under that theory.

Section 1983 claims based on the failure to intervene turn on whether the Defendants' actions were reckless or callously indifferent to his civil rights. The United States Court of Appeals for the First Circuit has stated that "... a supervisor cannot be held liable for merely negligent acts. Rather, a supervisor's acts or omissions must amount to a reckless or callous indifference to the constitutional rights of others." <u>Febus-Rodriguez v. Betancourt-Lebron</u>, 14 F.3d 87, 92 (1st Cir. 1994)(citing <u>Gutierrez-Rodríguez v. Cartagena</u>, 882 F.2d 553, 562 (1st Cir 1989) and <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1163 (1st Cir. 1989), <u>cert.</u> <u>denied</u> 493 U.S. 820 (1989)). The test for determining what constitutes reckless or callous indifference is whether it would be apparent to a reasonable supervisor that his conduct was "very likely to violate an individuals constitutional rights." <u>Reid v. Brodeur</u>, 2001 WL 274843 at *4 (D.N.H. 2001) <u>quoting</u> <u>Germany v. Vance</u>, 868 F.2d 9, 18 (1st Cir 1989). <u>See</u> <u>Pineda</u>, 533 F.3d at 54. "In addition, there must be an 'affirmative link' between a subordinate's misconduct and the supervisory official's action or inaction." <u>Reid</u>, 2001 WL 274843 at *4 <u>citing</u> <u>Febus-Rodriguez</u>, 14 F.3d at 92. "Other factors that assist in determining liability are: (1) whether the supervisor had knowledge of the alleged violations; and (2) whether the supervisor's actions or inactions could be viewed as 'supervisory encouragement, condonation, or acquiescence.'" <u>Reid</u>, 2001 WL 274843 at *4 <u>quoting</u> <u>Lipsett v. Blanco</u>, 864 F.2d 881, 902 (1st Cir. 1988).

9

Here, the Complaint fails to set forth that any of the Defendants had knowledge that Lt. Grimes was serving Campbell food with peanut products on December 2, 2008, and that they knew or should have known that Lt. Grimes would refuse to rectify the situation once he became aware of Campbell's peanut allergy. He also fails to set forth any facts that could reasonably be inferred as supervisory encouragement, condonation or acquiescence to Lt. Grimes's actions by these Defendants.

In light of the above, Campbell's § 1983 claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette are subject to dismissal pursuant to 28 U.S.C. § 1915A.

V.      The Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[7] However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal

---

[7]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

10

issues, and the litigant's ability to represent him or herself.  Id. at 24.

In the instant case, even assuming that Campbell cannot afford to retain counsel, this Court cannot find that his allegations, as pled, raise exceptional circumstances that would warrant the appointment of *pro bono* counsel.  Campbell alleges only an isolated incident concerning service of food with peanut products rather than a systemic or ongoing problem with his food.  Further, as pled, he has stated a plausible claim against only one Defendant (Lt. Grimes), and that claim appears to hinge on the underlying facts surrounding his service of food to Campbell.  In light of this, the matter does not, at this time, present complex or novel issues of law or fact, nor complicated medical issues.  In short, this Court cannot find that this case presents exceptional circumstances warranting the expenditure of scarce *pro bono* resources.

Accordingly, Campbell's Motion for Appointment of Counsel (Docket No. 4) is DENIED without prejudice to renew after a Defendant has filed a responsive pleading if this action is permitted to proceed further, and upon good cause shown.

VI.     Order to Show Cause or Amend Complaint

In light of the above, this action will be dismissed within forty-two (42) days from the date of this Memorandum and Order unless Campbell demonstrates good cause in writing why this action should not be dismissed, or unless he files an Amended Complaint curing the deficiencies noted herein.  Any Show Cause Response shall not reiterate the claims made in the original Complaint, but should address specifically the various legal impediments, and is limited to five (5) double-spaced pages.

Failure to comply with these directives will result in a dismissal of all claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon,

Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette.

While this Court finds that Campbell has stated a plausible claim with respect to Defendant Lt. Grimes, no summonses shall issue at this time pending compliance with the directives contained in this Memorandum and Order. If and/or when Campbell complies with the directives, a further Order shall issue with respect to the issuance of summonses and service of process.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice to renew in 21 days provided Plaintiff submit his certified prison account statement in accordance with 28 U.S.C. § 1915;

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is <u>DENIED</u> without prejudice to renew after a responsive pleading has been filed by a Defendant if this action is permitted to proceed further;

3. Within 42 days of the date of this Memorandum and Order, Plaintiff shall demonstrate good cause why his claims against all Defendants except for Lt. Jeffrey Grimes (*i.e.*, his claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette) should not be dismissed, or he shall file an Amended Complaint curing the pleading deficiencies; and

4. No summonses shall issue pending resolution of the filing fee issues and upon further Order of this Court.

SO ORDERED.

                                            /s/ George A. O'Toole, Jr.
                                            GEORGE A. O'TOOLE, JR.
                                            UNITED STATES DISTRICT JUDGE

DATED: January 14, 2011