UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALVIN CAMPBELL,<br>        Plaintiff,<br><br>        v.<br><br>RONALD T. DUVAL, ET AL.,<br>        Defendants. | )<br>)<br>)<br>)<br>)    C.A. No. 11-10048-GAO<br>)<br>)<br>) |

FURTHER MEMORANDUM AND ORDER

O'TOOLE, D.J.

       On January 3, 2011, Plaintiff Alvin Campbell ("Campbell"), a prisoner at MCI Cedar Junction in South Walpole, Massachusetts, filed a self-prepared civil rights Complaint under 42 U.S.C. § 1983 alleging that various prison staff and prison officials were deliberately indifferent to his serious medical needs on December 2, 2008 when they permitted him to be fed peanut products, to which he is allergic.

       On January 14, 2011, this Court issued a Memorandum and Order (Docket No. 6) denying without prejudice Campbell's Motion for Leave to Proceed *in forma pauperis*, and directing Campbell to demonstrate good cause why all his claims against all Defendants apart from Lt. Jeffrey Grimes (*i.e.*, Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, Correctional Officer Carrol, Correctional Officer Arsenault, and Dale Bissonnette) should not be dismissed, or else file an Amended Complaint curing the pleading deficiencies noted in the Memorandum and Order.

       On February 3, 2011, Campbell filed a Motion for the Entire File of Docket Entries (Docket No. 7), and on February 8, 2011, this Court granted the motion by Electronic Order, and copies of the docket and entries were sent to him.

Thereafter, on February 14, 2011, Campbell filed a Notice of Change of Address, advising of his transfer to the Souza Baranowski Correctional Center (Docket No. 8), along with a Motion to Stay (Docket No. 9), seeking an extension of time until March 25, 2011 to file his response to the Court's directives. Accompanying this motion was a prison account statement.

On February 28, 2011, Campbell filed a pleading entitled "Motion of Plaintiff Showing Cause Why Lieutenant Jeffrey Grimes Should Remain On As a Defendant In Civil Complaint" (Docket No. 10). That pleading is construed by the Court to be Campbell's Show Cause Response.

In his Response, Campbell reasserts his claims that Lt. Grimes stated that he did not care that Campbell was allergic to peanut butter, and that Campbell would eat whatever he served to him to eat. With respect to Defendant Christopher Fallon, Campbell argues that he was the Captain of the DDU at the relevant time, and was the shift commander. Therefore, he asserts, Fallon was as liable as Lt. Grimes.

With respect to Defendants Arsenault and Carroll, Campbell alleges that both of these Defendants were the correctional officers who served him the tray of food containing peanut butter, and they knew (based on Campbell's statements to them) that the peanut butter would cause him serious harm or kill him. Notwithstanding this information, they still served him the food.

Next, with respect to Defendants Pepe, Hallett, and Jones, Campbell asserts that they are all liable for the conduct of their subordinates. He contends that they encouraged and allowed the sort of conduct by Lt. Grimes and that is why the staff failed to follow protocol to check his medical records for food allergies. He asserts that "one, if not all, of them were made aware of

2

the incident that date and should not be allowed to escape liability so easily." Response (Docket No. 10 at 3 ¶ 6).

Finally, Campbell agrees that Defendant Duval should be dismissed from this action.

## DISCUSSION

I.  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

The Court construes Campbell's submission of his prison account statement as a renewed Motion for Leave to Proceed *in forma pauperis*. In view of his earlier financial disclosures (Docket No. 3) and his prison account statement (attached as part of Docket No. 9), the Court finds that Campbell lacks sufficient funds to pay the $350.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* is ALLOWED. However, because Campbell is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1.  Plaintiff Campbell is assessed an initial partial filing fee of $1.38 pursuant to 28 U.S.C. § 1915(b)(1)(A);[1]

2.  The remainder of the fee, $348.62, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

II. Claims Against Defendant Ronald T. Duval Are Dismissed

---

[1] The initial partial assessment of the filing fee is based on the prison account statement submitted by Campbell, taking 20% of the average monthly deposits for the roughly six-month period preceding the filing of the Complaint. This assessment is made without prejudice to Campbell seeking reconsideration provided he submit an alternative figure calculated in accordance with the formula set forth in 28 U.S.C. § 1915(b).

Campbell has stated in his Response that he agrees that the claims against Defendant Duval should be dismissed. Accordingly, for the reasons previously set forth in the Memorandum and Order (Docket No. 6), and in view of the voluntary dismissal of the claims, all claims against Defendant Ronald T. Duval are <u>DISMISSED</u>.

III.    The Show Cause Response is Deficient as to Certain Defendants

While the Court credits Campbell's efforts to comply with the directives to set forth his claims against each of the Defendants separately, he fails to demonstrate sufficient cause why his claims against the Defendants Pepe, Hallett, Jones, Fallon, St. Amand, and Bissonnette should not be dismissed.

First, Campbell's Response fails to address the liability of Defendants St. Amand or Bissonnette; he asserts no claims concerning their involvement in the alleged incident whatsoever. Accordingly, the claims against these Defendants are <u>DISMISSED</u> for the reasons set forth in the Memorandum and Order (Docket No. 6) (including the lack of *respondeat superior* liability and the lack of plausible failure to intervene claims) and for the failure to show good cause as directed.

Similarly, Campbell fails to demonstrate good cause with respect to Defendants Pepe,[2] Hallett, Jones, and Fallon. While Campbell asserts wholly conclusory and amorphous allegations that Defendants Pepe, Hallett and Jones encouraged or allowed subordinates to ignore protocol, he sets forth no factual basis for these assertions, nor any basis for any claim of

---

[2]Campbell's Response alleges that Superintendent Pepe is liable along with the other supervisory Defendants (Hallett, Jones); however, Superintendent Pepe is not named in the Complaint as a Defendant in this action. To the extent that Campbell now seeks to assert a claim against Superintendent Pepe, the request is <u>DENIED</u> for the reasons set forth in the Memorandum and Order (Docket No. 6) and this Memorandum and Order.

4

the failure to intervene. Indeed, Campbell asserts that "one, if not all" of these Defendants knew of the incident that date; he fails to identify which Defendant he claims had knowledge, and again, lumps his claims against these Defendants collectively. Additionally, Campbell fails to set forth any factual allegation that any of these supervisory Defendants knew of the problem at, or before, the time it occurred, nor is there any claim that they had any opportunity to take corrective measures. His claim that they knew of the incident is insufficient to set forth a plausible claim for liability. Moreover, Campbell presents no facts to support an inference that the Defendants condoned or encouraged the action of Lt. Grimes, or failed to intervene. In short, Campbell's arguments show that he is attempting to hold the supervisory Defendants liable on a theory of vicarious liability, or to trump up some basis for direct liability without any underlying factual basis in order to side-step the lack of *respondeat superior* liability in civil rights actions. Further, to the extent that Campbell asserts that these Defendants failed to enforce a policy in this regard, this may amount to a state-based negligence claim (over which this Court would decline to exercise supplemental jurisdiction), but there is nothing from which this Court could reasonably infer that there are plausible § 1983 claims against these supervisory Defendants.

The same problems hold true for the shift commander, Defendant Fallon. Campbell fails to set forth any factual basis for direct liability of this Defendant. The mere fact that he was the shift commander at the time of the incident is insufficient to hold him liable under § 1983.

Accordingly, for the reasons set forth in the prior Memorandum and Order (Docket No. 6), and for the failure of Campbell to demonstrate good cause as directed, the claims against Defendants Pepe, Hallett, Jones, and Fallon are <u>DISMISSED</u>.

IV. <u>The Motion to Stay</u>

5

As noted above, Campbell filed a Motion to Stay (Docket No. 9) seeking an extension of time until March 25, 2011 to file his response to the Memorandum and Order. In light of his Show Cause Response (Docket No. 10), and in light of the fact that Campbell has received copies of the documents he indicated that he needed in order to file a response, the Motion to Stay is now moot. Additionally, at this juncture, for the reasons stated herein, no further opportunities need be afforded to Campbell to show good cause in this matter with respect to the dismissed Defendants. Accordingly, Campbell's Motion for Stay (Docket No. 9) is <u>DENIED</u>.

V.    <u>Claims Permitted to Proceed; Issuance of Summonses and Service by the U.S. Marshal</u>

The Court considers that Campbell has shown good cause why his claims against Defendants Grimes, Carrol, and Arsenault should be permitted to proceed at this time, as these three Defendants are alleged to have directly participated in the service of food to him with the knowledge that he had a serious food allergy to peanut products.

Accordingly, the Court will permit the claims against these three Defendant to proceed, and directs the Clerk issue summonses. Because Campbell is proceeding *in forma pauperis*, the Court will direct the United States Marshal Service to effect service as directed by Campbell, and to advance the costs of service.

CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. The claims against Defendants Ronald T. Duval, Peter St. Amand, John Jones, Allison Hallett, Christopher Fallon, and Dale Bissonnette are <u>DISMISSED</u>;[3]

---

[3] This dismissal is not intended as a separate and final judgment.

3. Plaintiff's Motion to Stay (Docket No. 9) is <u>DENIED</u>;

4. The Clerk shall issue summonses as to Defendants Lt. Jeffrey Grimes, Correctional Officer Carrol, and Correctional Officer Arsenault; and

5. The Clerk shall send the summons(es), Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon the Defendants in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: March 7, 2011